## IN THE SUPREME COURT OF THE STATE OF NEVADA

STONE HOLLOW AVENUE TRUST,
Appellant,
vs.
BANK OF AMERICA, NATIONAL
ASSOCIATION,
Respondent.

No. 64955

FILED

MAR 1 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER VACATING AND REMANDING

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in a quiet title action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

The district court found that respondent had tendered the superpriority lien amount to Heritage Estates Homeowners Association, but that Heritage nevertheless conducted a foreclosure sale at which appellant purchased the subject property for $6,700. Over appellant's objection that it was a bona fide purchaser, the district court granted summary judgment in favor of respondent, reasoning that Heritage's rejection of respondent's tender resulted in appellant taking title to the property subject to respondent's deed of trust.

This court addressed a similar fact pattern in *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, ___ P.3d ___ (2016). In *Shadow Wood*, we recognized that a quiet title action is equitable in nature and, as such, a court must consider the "entirety of the circumstances that bear upon the equities." *Id.* In particular, we noted that when a putative bona fide purchaser has no notice of a pre-sale dispute between a tendering party and an HOA, the district court must take into account the potential harm to the bona fide purchaser when fashioning its equitable remedy.

16-08656

Here, as in *Shadow Wood*, appellant proclaimed to be a bona fide purchaser, and there is no evidence in the record to suggest that appellant had notice of the pre-sale dispute between respondent and Heritage. Because the district court did not take into account appellant's putative status as a bona fide purchaser when it granted summary judgment, we conclude that summary judgment in respondent's favor may not have been proper. Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. Susan Scann, District Judge
     Kerry P. Faughnan
     Greene Infuso, LLP
     Akerman LLP/Las Vegas
     Eighth District Court Clerk